UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARC WILLIAM AISEN,

                Petitioner,

                                      CASE NO. 4:24-CV-12763

v.                                   HONORABLE F. KAY BEHM

MICHAEL BOUCHARD,

                Respondent.

_____/

**OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING THE PENDING MOTIONS,
DENYING A CERTIFICATE OF APPEALABILITY, AND
<u>DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL</u>**

## I.    Introduction

Pre-trial detainee Marc William Aisen ("Petitioner"), confined at the

Oakland County Jail in Pontiac, Michigan, has filed a pro se petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2241 challenging his pending state criminal

proceedings. ECF No. 6 (amended petition), ECF Nos. 11, 13, 14, 15, 17

(supplemental pleadings). He has also filed motions for temporary restraining

order, to cancel legal postal debt, and to void statutes for vagueness (all pending).

ECF Nos. 5, 12, 16.

Petitioner is currently charged with unlawful posting of messages, Mich.

Comp. Laws § 750.411s(2)(a), and using a computer to commit a crime, Mich.

Comp. Laws § 752.797(3)(c), in the Oakland County Circuit Court. He has been declared incompetent, but restorable, by the state trial court and is subject to further competency reviews. *See* Register of Actions, Oakland Co. Cir. Ct. No. 2024-287987-FH, https://courtexplorer.oakgov.com/OaklandCounty/SearchCases (accessed April 25, 2025).

In his habeas pleadings, Petitioner alleges that: (1) the criminal complaint is based on false evidence, (2) the complainant (i.e. victim) used the threat of initiating criminal proceedings as leverage to coerce him into giving him something, (3) the charges arise from his written expression of his political views and religious beliefs, as well as his public participation and media reporting, (4) the proceedings are marred with tampering, (5) the government's criminal theory is a hoax lacking in the requisite territorial jurisdiction, (6) the government's theory is fatally flawed as it raises double jeopardy issues (due to length of detention), (7) his competence should be restored and the incompetency ruling vacated, (8) his extradition was based on false paperwork, (9) the government relied on false evidence, (10) the criminal statutes are vague, (11) his committal in absentia was an oppressive abuse of process flawing the prosecution, (12) his prosecution is malicious and an abuse of process infringing on his right to a fair trial, (13) the state courts plainly erred, (14) the criminal statutes are overbroad and should be

voided, (15) the government filed their case in an improper venue, and (15) the government's conduct was dangerously close to entrapment, if not crossed the line. ECF Nos. 6, 11, 13, 14, 15. 17.

For the reasons set forth herein, Court dismisses without prejudice the petition for a writ of habeas corpus, denies the pending motions, denies a certificate of appealability, and denies leave to proceed in forma pauperis on appeal.

## II.    Discussion

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminarily review of a federal habeas case and to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." If, after initial consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *See* Rule 4, Rules Governing § 2254 Cases; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). Cases subject to dismissal under Rule 4 include those that raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436-437 (6th Cir.

3

1999).

A state pretrial detainee may bring a habeas action in federal court pursuant to 28 U.S.C. § 2241 to demand enforcement of the government's affirmative constitutional obligation to bring him promptly to trial or to raise double jeopardy issues, but may not generally seek habeas relief to forestall state prosecution altogether. *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489-491 (1973); *Christian v. Wellington*, 739 F.3d 294, 298 (6th Cir. 2014). In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that, absent extraordinary circumstances, a federal court may not enjoin pending state criminal prosecutions. The rule is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986) (internal quotations omitted); *see also Doe v. University of Ky.*, 860 F.3d 365, 368 (6th Cir. 2017) (citing *Younger*, 401 U.S. at 44, and stating that "*Younger* abstention derives from a desire to prevent federal courts from interfering with the functions of state criminal prosecutions and to preserve equity and comity").

Thus, while 28 U.S.C. § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas petitions, the courts should abstain from the exercise of

that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner. *Christian*, 739 F.3d at 298; *Atkins v. People of the State of Mich.*, 644 F.2d 543, 546 (6th Cir. 1981). A federal court must abstain from enjoining a state criminal proceeding if: (1) the state proceeding is ongoing; (2) an important state interest is implicated; and (3) the petitioner has an adequate opportunity in the state judicial proceeding to raise constitutional challenges. *Middlesex Co. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Hill v. Snyder*, 878 F.3d 193, 206 (6th Cir. 2017) (quoting *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006)); *Fieger v. Thomas*, 74 F.3d 740, 744 (6th Cir. 1996).

The three factors that support *Younger* abstention are present in this case. First, there is an ongoing state criminal prosecution pending in the Oakland County Circuit Court. *See Nimer v. Litchfield Twp. Bd. of Trustees*, 707 F.3d 699, 701 (6th Cir. 2013). In that proceeding, the state court has arraigned Petitioner, conducted multiple hearings, ruled on several motions, and declared him incompetent, but restorable, to stand trial in rulings issued on July 22, 2024, and again on March 18, 2025. *See* Register of Actions, *supra*. Second, state criminal proceedings clearly involve important state interests. *Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000); *see also Younger*, 401 U.S. at 50. Third, the state court proceedings provide

an adequate opportunity for Petitioner to raise any federal constitutional challenges. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 16 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."); *Kelm v. Hyatt*, 44 F.3d 415, 421 (6th Cir. 1995). If he does so, and the state trial court denies or fails to consider his claims, Petitioner may pursue an appeal and/or seek collateral review in the state courts as provided by Michigan law.

Abstention is thus appropriate unless of one of the three exceptions to the *Younger* abstention doctrine applies. Those exceptions are: (1) "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975), (2) "the challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman*, 420 U.S. at 611), or (3) there is "an extraordinarily pressing need for immediate federal equitable relief." *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions are interpreted narrowly. *Zalman*, 802 F.2d at 205. Additionally, even if extraordinary circumstances exist to warrant federal court intervention in an ongoing state criminal prosecution, a petitioner must exhaust all available state court remedies before seeking federal

6

habeas relief. *See Braden*, 410 U.S. at 490; *Phillips v. Hamilton Co. Ct. of Common Pleas*, 668 F.3d 804, 809 (6th Cir. 2012); *Atkins*, 644 F.2d at 546.

In this case, Petitioner fails to allege facts which show that any of the exceptions to *Younger* abstention applies and fails to demonstrate that extraordinary circumstances warrant this Court's intervention in his state criminal proceedings. While Petitioner alleges that his prosecution is motivated by bad faith and that the criminal statutes are void for vagueness in his pleadings, his allegations are speculative and conclusory. Conclusory allegations, without evidentiary support, are insufficient to warrant federal habeas relief. *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998); *see also Wogenstahl v. Mitchell*, 668 F.3d 307, 335-336 (6th Cir. 2012) (citing *Workman* and denying habeas relief); *Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide a basis for an evidentiary hearing on habeas review). Moreover, even if Petitioner meets one (or more) of the abstention exceptions, he neither alleges nor establishes that he fully exhausted available state court remedies before seeking federal habeas relief. This habeas action is therefore premature and must be dismissed.

## III. Conclusion

For the reasons stated, the Court concludes that Petitioner's challenge to his

7

ongoing state criminal proceedings and current detention is premature and that he is not entitled to federal habeas relief at this time. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. Given this determination, the Court also **DENIES** Petitioner's pending motions for temporary restraining order, to cancel legal postal debt, and to void statutes for vagueness as moot and/or as seeking unnecessary or unavailable relief.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b); *see also Winburn v. Nagy*, 956 F.3d 909. 911-912 (6th Cir. 2020) (holding that a state pre-trial detainee must obtain a certificate of appealability to appeal the denial of a § 2241 petition). A certificate of appealability may issue only when a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). When a court denies relief on procedural grounds, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the

8

court was correct in its procedural ruling. *Id*. Petitioner makes no such showing.

Reasonable jurists would not find the Court's procedural ruling debatable.

Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court concludes that an appeal from this decision cannot be taken

in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES**

Petitioner leave to proceed in forma pauperis on appeal. This case is closed.

**SO ORDERED**.


Date:    April 28, 2025                              s/F. Kay Behm
                                                     F. Kay Behm
                                                     United States District Judge

9